**STATE ex MELVIN, Relator-Appellee, v. JONES, etc., et, Respondents-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4418.   Decided May 25, 1950.

Waymon B. McLeskey, Columbus, for relator-appellee.

Hon. Herbert S. Duffy, Atty. Genl., Joseph F. Ford, Asst. Atty. Genl., Robert A. O'Neil, Asst. Atty. Genl., Columbus, for Commissioners, respondents-appellants.

Ralph J. Bartlett, Pros. Atty., Harry Dunn, Asst. Pros. Atty., Columbus, for Franklin County Child Welfare Board.

## OPINION

By THE COURT.

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County, Ohio, allowing a writ of mandamus against the respondents, Gertrude Jones and Carl Smith, Civil Service Commissioners of the State of Ohio, directing them to change the final grade of said relator, Carl Melvin, on a Civil Service examination and to amend the eligibility list of applicants for the position of Superintendent of the Children's Home of Franklin County, Ohio, as certified by the State Civil Service Commission. Relator also sought, and the trial court issued, an injunction against the respondents, the members of the Franklin County Child Welfare Board, enjoining them from considering the eligibility list of applicants certified by the State Civil Service Commission and from making an appointment to that

position. After the appeal was perfected a like restraining order was issued by this Court.

The respondents-appellants contend that the trial court erred in finding that relator should be given credit for six and one-half years of farm experience. The examination was in three parts: Experience, Practical Questions and Oral. On the experience phase of the examination the relator was given credit for six years and seven months as Superintendent of the Columbus Workhouse and Franklin County Children's Home. At both institutions farms were operated and the trial court found that the relator should have been given credit for his farm experience at these institutions and that the refusal constituted arbitrary action on the part of the Commissioners. In point of time the farm experience for which relator claims credit ran concurrently with his experience as superintendent of the institutions, for which full credit was given. As superintendent the relator was required to give time to many different types of institutional work, viz.: administration, farm, hospital, purchasing, plumbing, child care, child placement, etc. These are incidental functions of the institutions which would necessarily fall under the direct or indirect supervision of the superintendent. Relator contends that his service as superintendent at the institutions should be broken down into several different types of experience and that he is entitled to credit for each type of experience. If this were done a duplication of credits would result. We do not believe that an experience credit can or should be allowed on this basis. The duties of a superintendent of an institution such as a workhouse or children's home are many and varied and it is not an exercise of arbitrary power to refuse to allow credit for each and every phase of work incident to his duties as superintendent, in addition to a credit for experience as a superintendent. The judgment of the trial court was erroneous in finding that the relator was entitled to credit for farm experience and also in determining that the relator was entitled to an additional grade of 8.75% on the experience phase of the examination. If an additional grade should have been given the Commission is entitled to exercise its discretion, taking into consideration various factors, in determining the grade. The court cannot substitute its judgment for the judgment of the Commission in a matter in which the Commission is permitted to exercise a broad discretion.

The appellants contend that the court erred in finding that the grade given relator by one of the three examiners on the oral phase of the examination should be eliminated as

being arbitrary and of no value and that the grade for such oral examination should be computed by using only the grades of the other two oral examiners and further that the relator was entitled to a grade of 90% on the oral phase of the examination. The record shows that the ratings given relator by the oral examiners were 55, 44 and 25. The grade on the oral examination is ascertained by combining the ratings of the three oral examiners. The grade of the relator on the oral examination was 74.58%. The trial court found that the lowest rating (25) should be entirely eliminated as being arbitrary and of no value and that the grade for the oral phase should be computed by using only the two highest ratings; that relator was entitled to a grade on the oral examination of 90%. To so compute the grade of the relator was certainly unfair to other examinees whose grades were computed by averaging the three ratings. The disparity in the ratings given relator by the three examiners does not in itself show good cause for the elimination of any one of the ratings in computing the grade. It would be just as logical to eliminate the highest rating and compute the grade on the two lowest ratings. The record shows that a like disparity between ratings exists with respect to other examinees. There is no factual basis for concluding that the oral examiner who gave relator a rating of 25 abused his discretion. On this issue the judgment is erroneous.

For their third and fourth assignments of error the appellants claim the court erred in finding that the Commissioners exercised arbitrary power and abused their discretion in giving greater weight to the written phase of the examination than that given to the experience phase of the examination, and in finding that each of the three phases of said examination, to wit: experience, oral and written, should be given equal value in arriving at relator's final grade. The fact that the values given to different phases of the examination varied does not constitute an exercise of arbitrary power or show an abuse of discretion. In such matters the Commissioners exercise a broad discretion. So long as their discretionary powers are fairly and reasonably exercised the court will not intervene to substitute its judgment for that of the Commissioners. Five points were given for practical questions, three for oral and two for experience. In our opinion the Commissioners did not act arbitrarily or abuse their discretion in determining the points allowed for the three phases of the examination. The judgment of the trial court on these two issues was erroneous.

Finally, for their fifth, sixth and seventh assignments of

error appellants contend that the trial court erred in ordering and directing the Commissioners to change the final grade of the relator from 65.97% to 93.66%, and to amend the eligibility list accordingly; that the judgment is contrary to law; and other errors apparent on the face of the record. Because of the position taken on other issues already discussed, it necessarily follows that the judgment of the court in directing the Commission to change the grade was erroneous; and therefore the judgment was contrary to law. No other errors apparent on the face of the record are brought to the attention of the Court.

The relator, not having received a passing grade of 70%, was not entitled to an additional per cent of his total grade for military service. **Sec. 486-10 GC.**

The relator-appellee has filed within rule assignments of error as authorized by §12223-21a **GC**, which must be passed upon in the event the judgment is reversed in whole or in part. The appellee claims the court erred in finding that the refusal of the Commission to permit relator to inspect the examination papers of other applicants was improper but not prejudicial to the relator; in finding that there is no way to determine whether the time allotted to the relator in which to take the oral examination was or was not prejudicial to him; in finding that the final grade of relator should be 93.66% whereas, in fact, said court should have found that said grade was such as to place said relator among "the top three applicants"; in failing to find that in refusing to permit the relator to see his own papers the Commission was guilty of conduct prejudicial to relator; in failing to find that in ignoring the protest and supplement thereto filed by the relator the Commission was guilty of conduct prejudicial to relator; that the aforementioned conduct on the part of the Commission amounted to a taking of relator's property without due process of law, and a denial to him of the equal protection of the law within the meaning of **Article I, Sections 1 and 19, of the Ohio Constitution,** and the Fourteenth Amendment of the Constitution of the United States.

Several of the errors assigned by the appellee in a large measure have been disposed of in our rulings on the issues raised by the appellant and we do not deem it necessary to discuss categorically each error assigned by appellee. We approve the judgment of the trial court on the matters here raised by the appellee and find no errors assigned by the appellee well made.

The relator was entitled to examine his own and the papers of other applicants under Section 7 of Rule 5 of the Rules and Regulations of the Commission. However, there

is a conflict in the evidence as to what happened when the request was made. The trial court could not find, and we are unable to find, wherein the relator was prejudiced by the act of the Commission in this respect. There is also some conflict in the evidence regarding the time allotted the relator in taking the oral examination. Under the state of the record we cannot find that the relator was prejudiced. Likewise, we fail to see how the relator was prejudiced by failure of the Commission to act on his protest. In our opinion the relator's constitutional rights have not been violated.

The motion heretofore filed on behalf of the appellants-respondents to vacate the restraining order heretofore issued by this court is hereby sustained.

Judgment affirmed in part and reversed in part.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.